GLEN ROSE COLLEGIATE INSTITUTE V. GLEN ROSE INDEPENDENT SCHOOL DISTRICT NO. 1 ET AL.

Decided January 8, 1910.

**1.—Practice—Appeal—Demurrers.**

When the record on appeal fails to show that demurrers were called to the attention of or acted upon by the trial court, assignments of error based upon an alleged overruling of the same, cannot be considered.

**2.—Deeds—Construction—Forfeitures.**

A deed is to be construed most strongly against the grantor, and forfeitures of an estate are not favored. If the instrument will bear any reasonable construction that will defeat a forfeiture, that construction will be adopted. In case of doubtful language or intention, the promise or obligation of the grantee will be construed to be a covenant limiting the grantor to an action thereon, and not a condition subsequent with the right to defeat the conveyance.

**3.—Same—Conditions of Defeasance.**

In a suit to cancel a deed and forfeit a donation of land for educational purposes, the terms of the deed and the evidence considered, and held that the grantees had complied with the only conditions imposed upon them, and that the heirs of the grantor were not entitled to a forfeiture of the grant.

**4.—Same—Covenant of Warranty.**

A deed donating land for educational purposes contained a provision to the effect that in the event the grantee should incorporate and perpetually maintain a college on said ground, then and in that event the grantor bound himself, his heirs, etc., to warrant and forever defend the title. Held, that said provision was not a condition which would warrant a forfeiture of the grant upon abandonment of the land for college purposes, but a mere covenant which secured the grantor's warranty of the title by compliance with certain conditions.

Appeal from the District Court of Somervell County. Tried below before Hon. W. J. Oxford.

*T. L. Stanfield* and *J. B. Haynes,* for appellant.

*Lee Riddle, Lev. Hays* and *Jno. J. Hiner,* for appellees.—The court did not err in rendering judgment for appellees, for the reason that all the facts and circumstances surrounding this transaction, as well as the recitals in the deed under consideration, show that it was clearly the intention of all parties concerned that the property in question should revert back to appellees in case the appellant should fail to perpetually maintain a school in the college building on the land in question. Trustees, etc., v. Alexander, 46 S. W., 503; Norris v. Coff-

man, 16 Texas Ct. Rep., 460; Maddox v. Adair, 4 Texas Ct. Rep., 218; Houston & T. C. Ry. Co. v. Ennis-Calvert Compress Co., 23 Texas Civ. App., 443; Boone on Real Estate, sec. 203.

CONNER, CHIEF JUSTICE.—The following statement by appellant, which appellee concedes to be substantially correct, will sufficiently indicate the nature and result of this suit: "The Glen Rose Independent Free School District sued the Glen Rose Collegiate Institute, T. O. Martin, W. F. Martin and Lizzie Martin, alleging that on the 16th day of July, 1889, H. F. Martin, who was the ancestor of the defendants Martin, made, executed and delivered to the trustees of the Glen Rose Collegiate Institute, naming them, a deed to the land therein described, in consideration of one dollar and for the purposes therein after mentioned and subject to the conditions therein mentioned, and containing the following clauses, after the description: 'Said college to be under the control and management of the Trinity Presbytery, and be ready for use by October 1, 1889. And it is hereby especially agreed that said Trinity Presbytery shall incorporate and perpetually operate a college or institution of learning at said Glen Rose Collegiate Institute by their duly appointed trustees and their successors in office; and it is hereby especially agreed by the trustees herein mentioned and the grantor herein, that in event the said Trinity Presbytery shall fail to incorporate said Glen Rose Collegiate Institute under and by virtue of the laws of the State of Texas, and to furnish a principal in said college free of charge to the local patrons of said college for a period of five consecutive years from and after the acceptance and turning over the house by said Trinity Presbytery, then the said Trinity Presbytery shall forfeit all right to said college building and grounds hereby conveyed, and the same shall revert back to the grantor herein, and the said building shall constitute a public free school building for community No. 1 of Somervell County, Texas; and H. F. Martin hereby agrees to deed two acres in a square, including the buildings and all apparatus and fixtures thereto belonging, to the county judge or to the State of Texas, for public free school purposes. But in the event said Trinity Presbytery shall incorporate and perpetually maintain said Glen Rose Collegiate Institute on said grounds, in that event I, the said H. F. Martin, do hereby bind myself, my heirs and assigns to warrant and forever defend all and singular the property heretofore described in this deed to the trustees herein named and their successors in office, against the lawful claims of any and all persons whomsoever claiming the same or any part thereof.'

"That said conveyance was made to said trustees and their successors in office upon the condition that the said college was to be under the control and management of Trinity Presbytery, and to be ready for use by October 1, 1889, and upon the further condition that the said Trinity Presbytery should incorporate and perpetually maintain and carry on an institution of learning at and in said Glen Rose Collegiate Institute by their appointed trustees and their successors in office; and upon the further condition and agreement between the trustees named in said instrument and grantor therein that

in the event the said Trinity Presbytery should fail to incorporate said Collegiate Institute under and by virtue of the laws of the State of Texas, and furnish a principal in said college free of charge to the local patrons of same for a period of five consecutive years from and after the turning over and acceptance of said house and grounds by Trinity Presbytery; and further conditioned that said Presbytery should perpetually maintain an institution of learning in said institute, then in either event said Presbytery and institute should forfeit all right and title to said college building and grounds, and that the same should revert to the grantor, and should become a public school building and grounds for school community No. 1; and that the said H. F. Martin agreed in the event of forfeiture to deed two acres, including the buildings, to county judge or to the State for public free school purposes; and that the Glen Rose Independent School District is the successor of school community No. 1 and includes the same inhabitants. And alleged a breach of all the conditions contained in the deed. That said H. F. Martin died on the first day of August, 1902, and left surviving him the parties named above as codefendants, and that there had been no administration on his estate nor no necessity for any."

Among other things, that we think it unnecessary to notice, appellant answered by a general denial. The heirs of H. F. Martin also answered for themselves, affirming substantially the allegations of the plaintiff in the suit, and admitted the right of the plaintiff to recover the two acres, but pleaded against appellant for the remainder.

The case was tried on an agreed statement of facts, and judgment rendered against appellant for all the land described in the deed, and in favor of the Glen Rose Independent School District against the Martin heirs for two acres, including the building, and for the Martins the remainder.

The first and second assignments go to the alleged action of the court in overruling certain demurrers, but the record fails to show that the demurrers were called to the attention of the court or that the court made any ruling thereon. These assignments must therefore be disregarded.

Appellant's third and fourth assignments, however, we think are well taken. They are as follows:

Third: "The court erred in finding against defendant because there were contained in the deed from H. F. Martin to the trustees of Glen Rose Collegiate Institute only two conditions of defeasance, to wit: First, 'And it is expressly agreed by the trustees herein mentioned and the grantor herein, that in the event that said Trinity Presbytery shall fail to incorporate said Glen Rose Collegiate Institute under and by virtue of the laws of the State of Texas;' and second, 'to furnish a principal in said college free of charge to the local patrons of said college for a period of five consecutive years from and after the turning over and acceptance of the house by said Presbytery, then said Presbytery shall forfeit all right to said building and grounds here conveyed;' because the agreed statement shows that said conditions were fully complied with and carried out."

Fourth: "The court erred in finding for the plaintiff and this

defendant's codefendants, because the clause in said deed, requiring the Glen Rose Collegiate Institute to perpetually maintain said Collegiate Institute and said grounds is not a condition of defeasance, but is only a covenant, and has annexed to it a corresponding covenant on the part of the grantor, that is to say, that in the event said institute be perpetually maintained he would warrant and defend the title to the land conveyed."

The deed under consideration is as follows:

"State of Texas,
  County of Somervell.
  "Know all men by these presents, That I, H. F. Martin, of the county and State aforesaid, have this ——— for and in consideration .of One Dollar to me in hand paid, and for the purposes hereinafter mentioned, and subject to the conditions hereinafter mentioned, do by these presents grant, bargain, sell and convey unto H. S. Little, W. B. Riggs, D. L. Orr, A. S. Carver, L. R. Wright, W. F. Martin, B. P. McClelland, T. O. Martin, B. R. Milam and J. M. Montgomery, trustees of the Glen Rose Collegiate Institute, the following described real property situated in Somervell County, and a part of the Milam County school land, and more particularly described as follows, to wit:

  "Beginning at the S. E. corner of R. H. Whitehead survey, a rock for corner on lot No. 15 on the north boundary line of Church Street. Thence N. 85 E. 185 vrs. a rock for corner, it being Mrs. Gordon's S. W. corner. Thence N. 10 W. 118 vrs. a rock for corner, it being Mrs. Gordon's N. W. corner. Thence S. 85 W., on line with College Street, 185 vrs., a rock for corner, it being the N. E. corner of lot No. 18 owned by H. F. Martin. Thence S. 10 E. 11 vrs. to the place of beginning.

  "Said college to ...... under the control and management of the Trinity Presbytery, and to be ready for use by October 1, 1889. And it is hereby specially agreed that said Trinity Presbytery shall incorporate and perpetually operate a college or institution of learning at said Glen Rose Collegiate Institute by their duly appointed trustees and their successors in office; and it is hereby specially agreed by the trustees herein mentioned and the grantor herein, that in the event the said Trinity Presbytery shall fail to incorporate said Glen Rose Institute under and by virtue of the laws of the State of Texas, and to furnish a principal in said college free of charge to the local patrons of said college for a period of five consecutive years from and after the turning over and acceptance of the house by said Presbytery, then the said Trinity Presbytery shall forfeit all rights to said college building and grounds here conveyed, and the same shall revert back to the grantor herein, and said building shall constitute a public free school building for community No. 1 of Somervell County, Texas; and H. F. Martin hereby specially agrees to deed two acres in a square, including the building and all apparatus and fixtures thereto, to the county judge or the State of Texas for public free school purposes in said community No. 1, Somervell County, Texas. But in the event that said Trinity Presbytery shall incorporate and perpetually maintain said Glen Rose Collegiate Institute on said grounds, in that

event I, the said H. F. Martin, do hereby bind myself, my heirs and assigns to warrant and forever defend all and singular the property heretofore described in this deed, to the said trustees herein mentioned and their successors in office, against the lawful claim or claims of any and all persons whomsoever claiming the same or any part thereof.

"Given under my hand in Glen Rose, Texas, this July 16, 1889.
"(Signed)           H. F. Martin."

It was agreed that this deed was duly recorded on the 8th day of August, 1889; that the Glen Rose Collegiate Institute was duly and legally incorporated under the laws of the State of Texas on the 18th day of March, 1902; that the free school community No. 1 of Somervell County, mentioned in the deed, is one and the same school subdivision as the Glen Rose Independent School District No. 1, and that the people who live in and compose free school community No. 1 are the same people who live in and compose Glen Rose Independent School District No. 1, and that they contributed the principal sum necessary for the erection of the college building; that H. F. Martin died about the first day of August, 1902, his wife having previously died, and left surviving him as his only heirs at law the Martins, who are parties to this suit; that there is no administration pending on the estate of H. F. Martin and no necessity therefor; that prior to the incorporation stated, the Glen Rose Collegiate Institute was organized by and operated through and under the board of trustees named in the deed; that the trustees of the Glen Rose Collegiate Institute furnished the principal in said school free to the local patrons thereof for a period of five years in accordance with the requirement of said deed; that said Collegiate Institute and the board of trustees maintained a school in the college building until May or June, 1904, the end of the then school term or session; that "since said term no school of any character has been taught in said college building, and the trustees thereof nor the Trinity Presbytery have attempted to teach or maintain school therein since said time and have abandoned said property for school purposes, and have failed and refused to maintain the organization of said institute by the election of trustees therefor, and have abandoned said Glen Rose College as an institution of learning." It should perhaps be also stated that it further appears from the agreed statement, all of which we have not undertaken to give, that H. F. Martin took an interest in educational matters; that he owned lands adjacent to the college donation, which he divided into lots and blocks, parts of which yet remain; and that within a reasonable time after the failure of appellant to maintain the school, demand was made for the relief granted in the suit.

Pretermitting suggestion or discussion of other questions indicated by the record, we think the right of appellant may be determined by the plain language of the deed we have copied. It seems evident from a careful reading of the deed from H. F. Martin to appellant that it was intended to take immediate effect, and that appellant at once took full title, subject to forfeiture only upon the conditions of defeasance therein made. To our minds, the deed contained only two express conditions of absolute defeasance or forfeiture of the interest con-

veyed, viz.: 1st. In the event the Presbytery should fail to "incorporate" as specified. 2d. Should fail to furnish free a principal in the college for a period of five consecutive years after the acceptance of the contemplated building. It is agreed that both of these conditions were complied with. But it is insisted, in effect, that because of the subsequent abandonment of the college and the failure to continuously maintain a school, a forfeiture is to be implied from general expressions in the deed and from the express provision that "in the event that said Trinity Presbytery shall incorporate and perpetually maintain said Glen Rose Collegiate Institute on said grounds, in that event I, the said H. F. Martin, do hereby bind myself, my heirs and assigns to warrant and forever defend all and singular the property heretofore described in this deed, to said trustees herein mentioned and their successors in office against the lawful claim or claims of any and all persons whomsoever claiming the same or any part thereof."

The deed, however, is to be construed most strongly against the grantor, and forfeitures of an estate are not favored. Say our Supreme Court in Ryan v. Porter, 61 Texas, 109: "Implied conditions subsequent in grants, devises, etc., are not the favorites either of the courts of law or equity, but are discouraged by both, as that doctrine is usually invoked for the purpose of securing a forfeiture of the estate. If the instrument will bear any reasonable construction that will defeat the springing of an implied condition subsequent at law as in equity, that construction will be adopted. Estates upon implied conditions subsequent can not be created by deed, except where the terms of the grant will not admit of any other reasonable construction," citing 2 Washburn on Real Property, 4. It is also said in Chicago, Texas & M. C. Ry. v. Titterington, 84 Texas, 222, that while, of course, a breach of a condition subsequent, and such only we have now under consideration, will give the grantor his election to reenter and claim the land or to sue for damages, "conditions of this character are not favored by the court, and in case of doubtful language or intention the promises or obligation of the grantee will be construed to be a covenant limiting the grantor to an action thereon, and not a condition subsequent with the right to defeat the conveyance." See also Los Angeles Univ. v. Swarth, 54 L. R. A., 262, *et* Farnham v. Thompson, 57 Am. Rep., 59.

If, therefore, the deed under consideration is susceptible of any reasonable construction that will avoid a forfeiture of the estate thereby devolved, that construction should be adopted. Applying this rule, we think the provision of the deed last above quoted is, as appellant insists, but a covenant which, by compliance therewith, secures the grantor's warranty of the title. The fact that the provision to perpetually maintain the institution was inserted in this clause and generally mentioned in the deed as among the purposes of its execution, but was omitted from the only clause providing for an absolute forfeiture of the land granted, is significant. It indicates a desire on the part of Martin, the grantor, and indeed of all parties thereto, to secure a perpetual educational institution, but a willingness nevertheless on Martin's part to trust to subsequent developments, and to the promises of the accepting grantees provided only that the

grantees should, as a guarantee of their good faith, incorporate and furnish a principal free as specified in the deed. Martin, in the enhanced value of his adjacent land for a period of five years, doubtless received all of the benefits he purposed to absolutely secure. Beyond this there is nothing, in the value of the donation or in any other thing shown by the record, which requires the belief that the trustees were willing to imperil the estate accepted and all betterments thereafter placed thereon by incurring the burden for all time to maintain the institution regardless of the changes of the years and notwithstanding the performance of all other covenants.

We conclude that there was error in the judgment below as assigned, and that it should be reversed and here rendered for appellant.

*Reversed and rendered.*

Writ of error refused.