WESTERN UNION TELEGRAPH CO. v. TIMMONS.

(Court of Civil Appeals of Texas. April 26, 1911.)

1. TELEGRAPHS AND TELEPHONES (§§ 54, 73*) —CONTRACTS—STIPULATIONS—VALIDITY.

A stipulation in a contract for the delivery of a telegram that notice of any claim of damages for failure to deliver must be given is invalid under Rev. St. 1895, art. 3379, unless the stipulation is reasonable, which is for the jury under the circumstances of the particular case.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 42, 76; Dec. Dig. §§ 54, 73.*]

2. TELEGRAPHS AND TELEPHONES (§ 54*) — CONTRACTS FOR DELIVERY OF MESSAGES — STIPULATIONS—EFFECT.

A sendee of a message who is ignorant of the stipulation in the contract as to notice of nondelivery as a condition precedent to an action therefor, and who is prevented by the fraud of the agents of the telegraph company from ascertaining the contract, as evidenced by the matter printed on the message, is not bound by the stipulation as to notice.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 45; Dec. Dig. § 54.*]

3. TELEGRAPHS AND TELEPHONES (§ 54*) — CONTRACTS FOR DELIVERY OF MESSAGES— STIPULATIONS—EFFECT.

Where the sender of a message did not know of the stipulations on the company's blank messages, nor of the custom of the company in

reference thereto, and merely authorized an agent to sign the telegram without authorizing him to sign the sender's name to a message written on the company's blanks, there was no agreement by the sendee to the stipulations on the blank used.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 45; Dec. Dig. § 54.*]

4. TELEGRAPHS AND TELEPHONES (§ 66*)— NONDELIVERY OF MESSAGES — LIABILITY — EVIDENCE.

In an action against a telegraph company for the nondelivery of a message to an addressee beyond the free delivery limits of the terminal office, evidence *held* to justify a finding that the message was not mailed to the sendee who lived on a daily rural delivery route, authorizing a recovery on the theory of negligent failure to take steps to deliver the message.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 66.*]

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Action by J. H. Timmons against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 125 S. W. 376.

## Conclusions of Fact.

Lee Timmons, the brother of appellee, lived with his father, J. M. Timmons, near Ater, in Coryell county, Tex. He received an injury on April 25, 1907, at about 10 a. m., from which he died on April 27th at 8 p. m., and was buried on April 28th at 2 p. m. Appellee lived four miles from Rule, in Haskell county, Tex. J. M. Timmons sent a friend to Ater, and asked Mr. Ater, manager of the telephone at that place, to send a message to appellee, notifying him of his brother's condition, and asking him to come at once. Ater phoned the following message to appellant's agent at Gatesville, Coryell county: "Ater, Tex. 4/25/1907. Hubbie Timmons, Rule, Texas—Lee Timmons very low, come at once." Appellant's operator at Gatesville wrote this message on one of appellant's message blanks and signed the same "J. M. Timmons." This message was filed in the office at Gatesville at 1:10 p. m., and was received at Rule about 45 minutes later. The agent at Rule made inquiry for appellee, who was commonly known as "Hubbie" Timmons, but did not find him, he not being in town, whereupon said agent sent a service message to Gatesville, as follows: "Ater, Texas, via Gatesville. Yours date to Timmons and same undelivered. Party lives in country. Have mailed same. He gets mail daily over rural route." At about 3 p. m. on same day Ater was notified that the telegram was delivered in mail box, and that appellee got his mail every day. This information was conveyed to J. M. Timmons on that day or the next. Appellee never received the message. The first information that he had on the subject was from a letter received from his sister on May 1st, informing him of his brother's death and of the telegram. If he had received the telegram on the evening of April 25th, he could have gotten to his father's house by 5 o'clock a. m. on the 26th. If he had received it on the 26th, he could have gotten to his father's house on the morning of the 27th. Had he received it on the 27th, he could have gotten to his father's house on the morning of the 28th. The burial occurred on the evening of the 28th Appellee testified that he would have started to his father's house immediately upon receipt of this telegram on either of these days. On the back of the telegram to which the agent at Gatesville signed the name of J. M. Timmons, there was a statement that the telegraph company would not be liable for damages for failure to deliver the same, unless a claim for such damages was presented to the company in writing within 90 days after the same was filed. J. M. Timmons never saw this telegram, knew nothing of such stipulation, and did not know that such stipulations were usual as to messages. Appellee never saw the telegram, and knew nothing of such stipulation, nor the custom of appellant in this regard. Appellee called at the office at Rule, after receiving the letter from his sister, but the agent there refused to deliver him a copy of the telegram. Before filing this suit, appellee called on appellant's agent at Gatesville, and demanded the original telegram, which demand was refused. He then asked for a copy, which was also refused. The jury returned a verdict in favor of appellee for $1,000, and judgment was entered accordingly. It is not assigned that this verdict is excessive, but appellant denies the right of recovery in any amount.

Geo. H. Fearons and Clark, Yantis & Clark, for appellant. S. P. Sadler, for appellee.

JENKINS, J. (after stating the facts as above). Under appellant's first assignment of error, it denies liability for the reason that no notice of appellee's claim for damages was filed with appellant within 90 days after said message was filed. It is true that no such notice was given, but we hold that the failure to give such notice is not a bar to appellee's right to recover herein for the reasons:

[1] 1. The requirement that such notice shall be given is not valid under our statute, unless the same is reasonable. Article 3379, R. S. The reasonableness of such notice is a question of fact for the jury, under the circumstances of the particular case. Railway Co. v. Newton, 127 S. W. 876. But in this case the court instructed the jury that such notice was reasonable, which was more favorable to appellant than it was entitled to.

[2] 2. In this connection the court instructed the jury that the obligation to give such

notice within 90 days from the filing of the message was binding on appellee, unless he was ignorant of such stipulation; and, furthermore, that such ignorance would not excuse him, unless he was prevented by appellant from ascertaining such fact. The evidence is sufficient to sustain a finding that appellee was prevented by the fraudulent acts of appellant's agents from ascertaining the terms of the contract as evidenced by the matter printed on said message. Telegraph Co. v. Sanders, 26 S. W. 734; Tel. Co. v. Timmons, 125 S. W. 379.

[3] 3. Appellee never agreed to said stipulations. Ater, as the agent of the sender of said telegram, simply authorized the sending of the message. He did not authorize the agent at Gatesville to sign the name of J. M. Timmons to a message written on one of appellant's blanks. J. M. Timmons knew nothing of the custom of appellant in this regard, nor of such stipulations on its messages.

[4] Appellant's second assignment is to the effect that the court erred in not granting a new trial for the reason that the undisputed evidence showed that appellee lived four miles from Rule, and that it was not paid or offered anything to defray the expenses of delivering said message outside of the town of Rule. This is true. It made no demand for such pay. But this need not be considered. The court at the request of appellant instructed the jury on this issue as follows: "If you believe that such damage, if any, was caused by the failure to incur any extra expense to send a messenger with said message to the plaintiff, several miles in the country, and beyond such free delivery limits of the town of Rule, then you will return a verdict in favor of the defendant telegraph company, because the undisputed evidence shows that such extra expense was not paid or promised to be paid by the plaintiff's agents who sent the message." The evidence is sufficient to sustain a finding that said message was never in fact mailed to appellee, notwithstanding the fact that appellant's agent at Rule testified that he mailed the same. Appellee lived only four miles in the country on a rural route, and had a mail box in which his mail was delivered daily. He testified that he never received said message; that he was at his mail box on the 25th, 26th, and 27th; that he was at appellant's office in Rule on April 27th, and saw appellant's agent, with whom he was acquainted, and that said agent did not mention the telegram; that, after learning from his sister's letter that such telegram had been sent, he inquired of appellant's agent at Rule concerning the same, and that said agent did not say that he did mail the same, but only that he thought he mailed it; that thereupon he inquired of the postmaster at Rule and of the mail carrier, and that each

of them stated that he had no recollection of having seen such telegram.

Finding no error in the record, and the evidence being sufficient to sustain the verdict of the jury, the judgment herein is affirmed.

Affirmed.