## PONCE et al. v. TORNILLO TOWNSITE CO.
### No. 4623.

Court of Civil Appeals of Texas. El Paso.
Feb. 9, 1949.

H. P. Talley and William Flournoy, both of El Paso, for appellants.

Andress, Lipscomb & Peticolas, of El Paso, for appellee.

SUTTON, Justice.

The Tornillo Townsite Company brought the suit in the statutory form of trespass to try title against Rafael Ponce and Kenneth P. Gifford to recover Lot 27 in Block 69, Morningside Heights Addition now of the City of El Paso. The purpose of the suit was to effectuate a claimed forfeiture under a purchase contract between the Townsite Company and Ponce. Gifford had levied a writ of attachment on the lot. The trial was to the Court and the judgment for the Townsite Company for the recovery of the lot and costs of suit. From that judgment the defendants appealed.

The contract is as follows:

"Sale contract by Tornillo Townsite Company (Seller) of El Paso, Texas, Dated Feb. 24, 1945.

| To Rafael Ponce, (Buyer) | Address 3012 Oro Street in Morningside Heights Addition, El Paso County, Texas. |
|---|---|
| Lots Numbered 27 | |
| Block Numbered 69 | |
| Monthly Payment $10.00 | Purchase Price $426.50 |
| Interest Rate 6% | Down Payment $ 91.50 |
| Taxes Paid to 1-1-44 | Deferred Payment $335.00 |

This contract made on the above date and executed in duplicate.

Witnesseth: That the above named Seller agrees to sell to the above named Buyer, whose address is as shown above, the property described above by lot and block numbers and subdivision in El Paso County, Texas, on the following terms and conditions:

The Purchase price to be paid for said property is as shown above and receipt is hereby acknowledged of the payment in cash of the Down Payment as shown. The balance, shown above as the Deferred Payment, is to be paid in equal monthly payments, each in the amount shown above as Monthly Payment, one of which shall become due and payable between the first and tenth day of each calendar month hereafter until the entire Purchase Price shall have been paid.

The Buyer agreed to pay interest monthly in the amount of $\frac{1}{2}$ of 1% on the amount of the Deferred Payment outstanding on the 1st of each month, (Rate of 6% per annum.) All payments shall be made at the office of the Newman Agency in El Paso, Texas, and shall be applied first on accrued interest, the balance toward reduction of the Deferred Payment.

Taxes accrued prior to the agreed date shown above to be paid by the Seller. All taxes accruing thereafter to be paid by the Buyer.

It is understood that there is no water right pertinent to the land herein agreed to be conveyed.

It is further agreed that time is the essence of this contract, and if default is made by the Buyer of four monthly payments upon the property herein described, at the time and in the manner as herein provided, then this contract can and may be cancelled, annulled and ended by the Seller, and unless, within thirty days after the mailing of notice to the Buyer at the address given herein, declaring this contract to be forfeited, annulled and cancelled, all delinquent payments, with interest, if any, are paid, and received at the office of the Seller, then all payments made shall become liquidated damages and shall be forfeited to the Seller, and all the rights of the Buyer, his heirs, assigns and legal representatives to acquire the above land shall cease, and his rights in and thereto end. Buyer in accepting this contract agrees to the reservations and conditions of forfeiture and reversions herein contained.

When payment shall have been made of the full purchase Price, and all accrued interest, the Seller shall deliver to the Buyer

or his assigns a Title Report and a Warranty Deed to the described property.

> Tornillo Townsite Co.
> By (Sgd) Dexter Mapel
> (Sgd) Rafael Pance.

(Sgd) Henry Jerrell,
                    Witness."

The forfeiture was declared October 28, 1947, based on the ground the monthly payments were more than four months in default. On that date there remained unpaid on the principal the sum of $65 and a very small amount of interest. More than the full amount due was tendered before the suit was brought and has been tendered into court. The Court found as a fact, and we take it to be conceded, the lot was worth on the date the forfeiture was declared and on the date of the trial $1,000.

The defendants have two points, one that under the terms of the contract it was not four months in default on the date the forfeiture was declared because it only required a payment of $10 per month, including interest, and the second that under the circumstances of the case equity will relieve against the forfeiture and permit the purchaser to retain the property.

We think two or three elementary propositions of law decisive of this case. The Townsite Company construes the contract to require the seller to pay interest monthly in addition to the designated monthly payment of $10. If this be a correct construction then the payments were four months in default. The defendants claim a proper construction of the contract only required one monthly payment in the sum of $10. If this is the requirement then the contract was not four months in default and the forfeiture and judgment are wrong. It is true the rate of interest is stipulated at 6% per annum and the buyer agreed to pay it monthly in the amount of ½ of 1% on the amount of the Deferred Payment outstanding on the first of each month, but it is not provided in any specific terms or language, as might have easily and well been done if intended, that this is in addition to the monthly payment of $10, as is contended for by the Townsite Company. There is but one "Monthly Payment" specifically named and that is in the sum of $10. If two payments were required monthly, one of $10 on the principal and the monthly interest, then the provision that all payments "shall be applied first on accrued interest, the balance toward reduction of the Deferred Payment" would be meaningless. Of course, on the date of the contract the "Deferred Payment" was but $335, but on the first payment date it was that sum plus the interest. But we need not determine the construction placed upon the contract by the buyer to be the correct one, but only if it is a reasonable one. It is certainly as reasonable as the construction adopted by the Townsite Company. It is axiomatic that forfeitures are not favored, and if a written instrument is susceptible of any reasonable construction that will avoid a forfeiture, that construction should be adopted. Glenn Rose Collegiate Institute v. Glenn Rose Independent School Dist., 58 Tex.Civ.App. 435, 125 S.W. 379 at page 382 (e.r.); Blackwell v. Scott, Tex.Civ. App., 223 S.W. 334, at page 338(3) (e.r.).

We, therefore, hold since the construction claimed by the defendants is reasonable it should be adopted and the forfeiture avoided. Accordingly the judgment of the trial court will be reversed and judgment here rendered that the plaintiff take nothing by its suit.

Chief Justice Price and Associate Justice McGill concur in the disposition made of the case. However, they are each of the opinion that the contract is unambiguous and calls for payment of $10 a month and no more.