ACCEPTED
03-15-00051-CV
5414383
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/26/2015 11:48:51 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00051-CV

IN THE COURT OF APPEALS
THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/26/2015 11:48:51 AM
JEFFREY D. KYLE
Clerk

TRENT LINDIG,

*Appellant,*

V.

PLEASANT HILL ROCKY COMMUNITY CLUB,

*Appellee.*

ON APPEAL FROM THE 33RD DISTRICT COURT, BLANCO COUNTY, TEXAS
HONORABLE J. ALLAN GARRETT PRESIDING
CAUSE NO. CV07580

## APPELLANT'S REPLY BRIEF

HOUSTON DUNN, PLLC
Samuel V. Houston, III
State Bar No. 24041135
4040 Broadway, Suite 440
San Antonio, Texas 78209
(210) 775-0882 – Telephone
(210) 826-0075 – Fax
sam@hdappeals.com

ZACHARY P. HUDLER, P.C.
Zachary P. Hudler
State Bar No. 24032318
100 E. Pecan Street, Suite One
Johnson City, Texas 78636
(830) 868-7651 – Telephone
(830) 868-7636 – Fax
zachary@hudlerlaw.com

**ATTORNEYS FOR APPELLANT**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS................................................................i

TABLE OF AUTHORITIES .........................................................ii

SUMMARY OF THE ARGUMENT..............................................1

ARGUMENT.............................................................................1

    I.      The Club Incorrectly Argues That the Reverter Clause Must Be Read in Isolation. .......................................................1

    II.    The Club's Construction of the 1927 Deed Violates Rules of Construction. ..................................................................3

    III.   *Stewart v. Blain* Was Correctly Decided and Should Be Followed in This Appeal. ...........................................................4

    IV.  Conclusion and Prayer................................................6

CERTIFICATE OF COMPLIANCE............................................7

CERTIFICATE OF SERVICE.....................................................8

i

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Cherokee Water Co. v. Freeman,*
  33 S.W.3d 349 (Tex. App.—Texarkana 2000, no pet.) ............................ 3

*City of Houston v. Van De Mark,*
  83 S.W.3d 864 (Tex. App.—Texarkana 2002, pet. denied) ....................... 2

*Day v. Needham,*
  2 Tex. Civ. App. 680, 22 S.W. 103 (Fort Worth 1893, no writ) ................. 5

*Harkey v. Harkey,*
  60 S.W.2d 834 (Tex. Civ. App.—Austin 1933, writ ref'd) .......................... 2

*Luckel v. White,*
  819 S.W.2d 459 (Tex. 1991) ............................................................ 1, 2

*Settegast v. Floyd,*
  214 S.W. 686 (Tex. Civ. App.—Beaumont 1919, no writ) .......................... 5

*Stewart v. Blain,*
  159 S.W. 928 (Tex. Civ. App.—Galveston 1913, no writ) ................... 4, 5, 6

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant Trent Lindig respectfully presents this reply brief in support of his principal brief wherein he requests that the Court reverse the trial court's order finding that the reverter clause contained in the 1927 Deed had not been triggered.

## SUMMARY OF THE ARGUMENT

The possibility of reverter created in the 1927 Deed unequivocally vests Trent with title to the disputed property. Following well-established precedent establishing rules of construction, the Court must read the entire deed in determining whether the reverter clause contained in the 1927 deed has been triggered. In that connection, it is undisputed that the property has not been used for school purposes since 1952. Given the language in the deed, the Court can reach only one conclusion: once a school was no longer operating on the property, the property reverted to Albert Lindig's heirs. Thus, Trent is the rightful owner of the property.

## ARGUMENT

### I. The Club Incorrectly Argues That the Reverter Clause Must Be Read in Isolation.

In construing a deed, the Court must discern the grantor's intent from "from all of the language in the deed by a fundamental rule of construction known as the 'four corners' rule." *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). The Court's duty is not altered where the dispute centers upon a reverter clause. As part of its work "interpreting the terms and discerning the

1

meaning of the" reverter clause, the Court reviews "all the words used in the deed." *City of Houston v. Van De Mark*, 83 S.W.3d 864, 867 (Tex. App.—Texarkana 2002, pet. denied); *see also Harkey v. Harkey*, 60 S.W.2d 834, 835-36 (Tex. Civ. App.—Austin 1933, writ ref'd). Thus, the Court must review all parts of the 1927 Deed in determining who has title to the property.

The only conclusion to draw from the 1927 Deed is that the limitation in the reverter clause is triggered once a school no longer operates on the property. In that instance, the property could no longer be used for school purposes. The deed recites "that the land herein conveyed shall be used for school purposes only." CR 96. The granting clause specifically provides that the land "shall be used for School purposes for the Pleasant Hill School District No. 21." CR 96. The habendum clause indicates that the property was being conveyed so that it would be used for "School Purposes." CR 97.

Not only must the Court read the entire deed in construing the reverter clause, but the rules of construction require that the Court attempt to harmonize all parts of the deed. *Luckel*, 819 S.W.2d at 462.[1] The specific language found in the reverter clause can be harmonized with Albert Lindig's multiple statements that the property was to be used for school purposes. If

---

[1] The argument section of the Club's brief concludes with a paragraph suggesting that the various provisions in the deed discussing "school purposes" cannot be read in in conjunction with the reverter clause. The Club does not cite any direct authority in support of its argument. *See* Appellee Br. at 9. Irrespective of the absence of citations to authority, the Club's assertion should be rejected because it is contrary to the rule that courts "must strive to harmonize all of the parts, construing the instrument to give effect to all of its provisions." *Luckel*, 819 S.W.2d at 462.

the property was no longer being used for school purposes because there was no longer an operational school, then no "school house" could exist.

## II. The Club's Construction of the 1927 Deed Violates Rules of Construction.

Even if the reverter clause is read in isolation, the Club's construction of it must be rejected. Despite the multiple references to "school purposes" throughout the deed, the Club argues that the limitation would only be breached if the building that once housed the school is removed from the property. The Club argues that the reverter clause has not been triggered because the building is still on the property. The Club makes this argument even though it is undisputed that a school no longer operates on the property, and the property has not been used for school purposes since 1952.

The Club's narrow construction is faulty because it does not give effect to all terms found in the reverter clause. The Court is "required to give effect to all words used in the instrument, and [it is] not permitted to assume that the drafter of the instrument intended for some of the words to have no effect." *Cherokee Water Co. v. Freeman*, 33 S.W.3d 349, 354 (Tex. App.—Texarkana 2000, no pet.). The Club's analysis does not address the fact that the term "house" is modified by the term "school." Applying proper rules of construction, the only conclusion to reach is that the reverter clause is tied to the building's use rather than its mere presence on the property. If no school

3

was being operated on the property, then the building could not be a "school" house.

Trent's construction is further strengthened when the Court considers the entire reverter clause. The clause references both "said School House" as well as "any other house which may be built and used for a School house." If Albert Lindig had intended the reverter clause to be triggered only when the original building left the property, then he would not have stated that the property should revert to his heirs if "said School House or any other house which may be built and used for a School house is removed from said land herein described." CR 96.

It is immaterial whether the original building remains standing or whether it had been replaced by a new building. Based upon a reading of the entire reverter clause, Albert Lindig intended the reverter to be tied to the property's *use* for a school. Once the property is no longer being used for school purposes, the reversionary interest created in the 1927 Deed springs to life. *See* CR 96.

### III. *Stewart v. Blain* Was Correctly Decided and Should Be Followed in This Appeal.

*Stewart v. Blain*, 159 S.W. 928, 929 (Tex. Civ. App.—Galveston 1913, no writ), should guide the Court in its resolution of this appeal because it involves substantially similar deed language. In *Stewart*, the granting clause provided that property was being conveyed "for the purpose of erecting a schoolhouse,

for the benefit of the colored school community No. 4." *Id.* at 929. The reverter clause provided that "in the event of the removal of the schoolhouse therefrom . . . the said acre of land shall revert back to me or my heirs or assigns." *Id.* at 930.

Reviewing the entire deed, the court concluded that "[t]he sense and evident intention of it was that the grantees were to own and possess the property as long as it was used for school purposes." *Id.* As he stated in his principal brief, Trent asserts that the same conclusion should be reached in this appeal.

The Club's criticisms of the analysis in *Stewart* are unfounded. The Club asserts that the court deviated from the deed's plain language "and attempted to divine what the parties meant from what it thought the parties['] intent to be." Appellee Br. at 8. The language cited by the Club,[2] however, indicates that the court was not deviating from the deed. Rather, the court was merely discussing its conclusion that it did not need to engage in a lengthy discussion of the distinction between a condition subsequent and a conditional limitation because the deed's "language expresses the intention of the parties in terms so

---

[2] In asserting that the court in *Stewart* substituted its own belief for the plain language in the deed, the Club cites a part of the opinion that begins with the following phrase: "It seems to us that . . . ." Appellee Br. at 8. There, however, does not appear to be any merit to that assertion. A review of decisions from the late 1800s and early 1900s reveals that appellate courts commonly used the phrase "It seems to us" in opinions. *E.g.*, *Settegast v. Floyd*, 214 S.W. 686, 689 (Tex. Civ. App.—Beaumont 1919, no writ) ("[I]t seems to us appellants were clearly holding under a deed duly registered . . . ."); *Day v. Needham*, 2 Tex. Civ. App. 680, 682, 22 S.W. 103, 104 (Fort Worth 1893, no writ) ("It seems to us, from the description contained in this deed . . . .").

plain." *Stewart*, 159 S.W. at 930. Based upon its review of the deed, the court explained that the provisions quoted above "mean, and were intended to mean, that the grantees should own and use and enjoy the property so long as it was so used for the purpose for which it was conveyed, and that when this condition ceased the title and right of possession should at once revert to the grantor, 'or his heirs or assigns.'" *Id.* at 931.

The court rejected the very same argument advanced by the Club. Just like in this case, it was undisputed that (1) the property had ceased to be used for school purposes by the time that the plaintiff sought to assert the rights guaranteed by the reverter clause, and (2) the building that once housed the school was still on the property. *See id.* at 930, 931. Although the building that once housed the school was still on the property, the court reasoned that it could not be a "schoolhouse" if there was no school. *Id.* at 931; *see also id.* ("The building may be there yet, but it is not a schoolhouse."). The same is true in this appeal.

## IV.  Conclusion and Prayer.

Trent is the rightful owner of the property. Under the deed's unambiguous terms, the reversionary interest became a present possessory interest once a school ceased to operate on the property. Therefore, the trial court's order must be reversed.

WHEREFORE, PREMISES CONSIDERED, Appellant Trent Lindig respectfully prays that the Court reverse the trial court's order on Appellant's

Rule 248 Motion, declare that Appellant holds title to the disputed property, and grant other and further relief to which he may be justly and equitably entitled.

Respectfully submitted,

/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III
State Bar No. 24041135
HOUSTON DUNN, PLLC
4040 Broadway, Suite 440
San Antonio, Texas 78209
(210) 775-0882 – Telephone
(210) 826-0075 – Fax
sam@hdappeals.com

Zachary P. Hudler
State Bar No. 24032318
ZACHARY P. HUDLER, P.C.
100 E. Pecan Street, Suite One
Johnson City, Texas 78636
(830) 868-7651 – Telephone
(830) 868-7636 – Fax
zachary@hudlerlaw.com

ATTORNEYS FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4, the undersigned certifies that the foregoing computer-generated brief contains 1,704 words.

/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III

7

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served in accordance with the Texas Rules of Appellate Procedure on the 26th day of May, 2015, to the following:

Jeff D. Small                                        *Via email/e-service*
LAW OFFICE OF JEFF SMALL
12451 Starcrest Dr. #100
San Antonio, Texas 78216
jdslaw1951@gmail.com


Norman L. Nevins                                     *Via email/e-service*
THE NEVINS LAW FIRM
206 West Main Street
Fredericksburg, Texas 78624
nnevinslaw@yahoo.com



                              /s/ Samuel V. Houston, III
                              SAMUEL V. HOUSTON, III