## SMITH v. NELSON, *Appellant.*

### Division One, June 6, 1892.

1. **Sheriff's Deed**: DESCRIPTION OF LAND: TAX SALE. A description in a sheriff's deed, made under a sale for taxes, was as follows: "*One acre, being the southeast corner* of the northeast fourth of the southwest quarter of section 2, township 43, range 24, Henry Co., Mo." *Held*, sufficient to convey an acre in a square form.

2. **Sale for Taxes**: ERRORS OF DESCRIPTION ON TAX BOOK: EJECTMENT. Errors in the description of land on the tax books will not be reviewed in ejectment brought by a purchaser at the tax sale against the former owner.

3. ———: ———: -———. Such defense should have been made in the suit for the taxes.

*Appeal from Henry Circuit Court.*—HON. D. A. DEARMOND, Judge.

AFFIRMED.

*F. E. Savage* for appellant.

(1) In admitting parol and extrinsic evidence to explain the patent ambiguity of the sheriff's deed, offered and read in evidence by the plaintiff, the court erred. The deed upon its face discloses a patent ambiguity; it, therefore, must stand or fall upon its own merits. 1 Greenleaf on Evidence [1 Ed.] secs. 297–301; *Campbell v. Johnson*, 44 Mo. 247; *Ware v. Johnson*, 66 Mo. 668; *Andrews v. Todd*, 50 N. H. 565. The sheriff's deed offered in evidence and admitted by the court,

remaining uncertain as to the description, was void for that reason. The rule laid down by the supreme court of the United States in *Boardman v. Reed* is: That if the land granted be so inadequately described as to render its identity wholly uncertain it is admitted that the grant is void. 6 Peters, 328; *Evans v. Ashley*, 8 Mo. 177; *Hart v. Rector*, 7 Mo. 531. (2) The deed from the sheriff, under which respondents claim, is void for uncertainty. It vested no title in respondent to appellant's property, and the court below erroneously admitted it in evidence. *Peck v. Mallames*, 10 N. Y. 532; *Hill v. Monroe*, 6 Gray, 551; *Nelson v. Brodhack*, 44 Mo. 602; *King v. Fink*, 51 Mo. 209; *Bell v. Dawson*, 32 Mo. 79. The judgment of the circuit court in the tax case against Mary Nelson is a nullity upon its face, the same being void for uncertainty in the description of the land in question. *Brown v. Walker*, 11 Mo. App. 229; *Olcott v. State*, 10 Ill. 481; *Pedgrove v. State*, 36 Ill. 249; *Lowe v. Ekey*, 82 Mo. 286. (3) Vagueness in the description of property intended to be taxed is fatal to the validity of a tax bill. *City of Jefferson v. Whipple*, 71 Mo. 519. And, if the land is improperly or vaguely described in the tax bill, judgment, execution and sheriff's deed, as to be incapable of identification under the rule governing in such cases, the purchaser at sheriff's sale cannot recover in ejectment. *Alexander v. Hicks*, 34 Mo. 449. (4) The petition in the tax suit, judgment, execution and sheriff's deed, and the finding and judgment of the court in this cause, show conclusively that the east end of the lot or acre of land of appellant was sold for taxes assessed against an acre of land located in the southeast corner of the northeast quarter of the southeast quarter of said section number 2, township 43, range 24, only a portion of which was owned by appellant. This, of itself, renders the sale and the deed made in pursu-

ance thereof absolutely void. *Keene v. Barnes*, 29 Mo. 377; *Ballance v. Forsythe*, 13 How. (U. S.) 18.

*B. G. Boone* and *N. K. Chapman* for respondent.

The court did not err in permitting respondent to introduce parol evidence to locate and identify the land, and its ruling in so doing is fully supported by the following authorities: *Hart v. Rector*, 7 Mo. 531; *Evans v. Ashly*, 8 Mo. 177; *Landes v. Perkins*, 12 Mo. 238; *Bates v. Bank*, 15 Mo. 309; *Clemens v. Randall*, 34 Mo. 479; *Webster v. Blount*, 39 Mo. 500; *McPike v. Allman*, 53 Mo. 551; *Prior v. Scott*, 87 Mo. 303; *Charles v. Patch*, 87 Mo. 450; *Hammond v. Johnston*, 93 Mo. 198.

BLACK, J.—This was an action of ejectment to recover one acre of land, of which the defendant, Mary Nelson, was the owner at the date of the tax judgment hereafter mentioned. The plaintiff's title is a sheriff's deed based upon a sale under a special execution issued upon a judgment for $113.45, rendered by the Henry county circuit court in April, 1888, in a suit of the collector against said Mary Nelson to recover delinquent taxes for the years 1877 to and including 1885.

The land owned by the defendant at the date of the tax judgment and sued for in this case is described as follows: "One acre, beginning twenty feet north of the southeast corner of the northeast quarter of the southeast quarter of section 2, township 43, range 24; thence north six and thirty-three-hundredths rods; thence west twenty-five and thirty-two-hundredths rods; thence south six and thirty-three-hundredths rods; thence east twenty-five and thirty-two-hundredths rods to the place of beginning, containing one acre, more or less."

The property is described in the tax proceedings and in the sheriff's deed as "one acre, being the southeast corner of the northeast fourth of the southeast quarter of section 2, township 43, range 24, Henry Co., Mo."

The trial court gave judgment for the plaintiff for two hundred and eight feet off of the east end of the land described in the petition, thus holding that the sheriff's deed described one acre in a square form in the southeast corner of the forty acres, and that the plaintiff was only entitled to recover so much of the land sued for as was included in the boundaries of a square acre in the corner. From that judgment the defendant only appealed.

1. The defendant insists that the sheriff's deed is void for uncertainty in the description of the land which it undertakes to convey.

It was held in *Wilkinson v. Roper*, 74 Ala. 140, that a description of "ten acres of the land off the northwest corner" of a named subdivision was sufficient and not void for uncertainty. Says the court: "It calls for a quadrangle, of equal sides, extending to the northwest corner." That was a conveyance between parties, and not a sheriff's deed. In *Lessee of Walsh v. Ringer*, 2 Ohio, 327, the sheriff levied upon and sold the land as "seventy acres, it being and lying in the southwest corner of the southwest quarter of section 14, township 12; range 5, of the lands sold at Steubenville." In disposing of the objection that the description was vague and uncertain the court said: "That corner is a base point from which two sides of the land conveyed shall extend in equal distance, so as to include by parallel lines the quantity conveyed. From this point the section lines extend north and east so as to fix the boundary west and south, the east and north boundaries only are to be established by construction,

and the rule referred to gives them with sufficient certainty." *Lego v. Medley*, 48 N. W. Rep. 375, concedes that "one acre from the southeast corner" of a named subdivision would mean an acre in a square form; but in that case these words were added, "together with the building thereon," and it was held the acre should be laid off so as to include the building.

It is very true that an acre of land may be laid off in the corner of a forty-acre tract in various shapes, and still be in the corner in a certain sense; but the words "one acre, being the southeast corner" of the said forty acres, without further descriptive words, mean an acre in a square form.

This would be our conclusion in the absence of any authority to the contrary, but it is strengthened by the cases just cited which are quite in point. The description is, therefore, sufficiently definite and certain. It describes an acre in a square form in the corner.

2. The defendant assigns as error the admission of certain evidence produced by the plaintiff to aid what was conceived to be a vague description. On this evidence the court gave a declaration of law to the effect that any uncertainty in the description in the sheriff's deed could be explained and made certain by parol evidence. Had the deed used language showing an intention to convey the acre owned by the defendant, then such evidence would have been competent and proper to identify the land, but it makes no such reference.

This evidence and the giving of the instruction cannot, however, operate as a reversal of the judgment, for the court construed the deed to mean just what we have said it does mean, regardless of the evidence and instruction.

3. As to any alleged errors in describing the land on the tax books, it is sufficient to say that we cannot

go behind the judgment in the tax suit. Such errors, if any there were, should have been brought forward as a defense in that case. They are not open to inquiry in this one.

The judgment is affirmed. All concur.