JOHN   KLEINE   et   ux.,   Appellants,   v.   MARY   L.
KLEINE.

Division One, March 2, 1920.

1. **DESCRIPTION**: Starting Point: Parallelogram Presumed.   A lease
   which describes a tract in the City of St. Louis and State of
   Missouri as "one hundred feet running westward on Coal Bank
   Road, beginning at private road fronting house, and seventy feet
   running northward on private road, beginning at Coal Bank Road,"
   fixes the starting point at the intersection of Coal Bank Road and
   the private road, and that being definite, a parallelogram, one
   hundred by seventy feet, will be presumed; and a definite tract
   extending one hundred feet westward, from the intersection of
   the two roads, along the north side of Coal Bank Road, and seventy
   feet northward along the west line of the private road, was
   described.

2. ———: ———: ———: Extrinsic Evidence.   Extrinsic evidence
   is always admissible to explain the calls in a deed and for making
   certain any ambiguity in the description.   If a surveyor can take
   the deed and from its descriptions locate with certainty the
   definite tract intended to be conveyed, the description is sufficient.

3. **SIGNING DEED**: With Lead Pencil.   A deed or lease is not invalid
   because signed by lead pencil, instead of pen and ink.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas
C. Hennings,* Judge.

AFFIRMED.

*John W. Mueller* for appellants.

(1) If the description of real estate contained in an
instrument, which seeks to convey an interest in said
real estate, is so inaccurate, indefinite and incomplete
as to render the identity of the particular tract of land
sought to be conveyed wholly uncertain, the instrument
is void as a means of conveying interest in real estate
or color of title. Mudd v. Dillon, 166 Mo. 410; Martin v.
Kitchen, 195 Mo. 477; McCormack v. Parson, 195 Mo.
91; Schroeder v. Turpin, 253 Mo. 258; Campbell v. John-
son, 44 Mo. 247; Bell v. Dawson, 32 Mo. 79; Schumacher
v. McMonigle, 86 Ind. 421; Hoodless v. Jernigan, 46
Fla. 223; Youman v. Moore, 144 Ga. 375; Harvey v.
Byrnes, 177 Mass. 518; Brandon v. Laddy, 67 Cal. 43;

Radford v. Edwards, 88 N. C. 347; Hanna v. Palmer, 194 Ill. 41. (2) If the description of property sought to be conveyed by a written instrument does not fix the boundaries or shape of land sought to be conveyed so that by relying on the description contained therein, the form and indentity, of the premises could not be ascertained, the instrument is void and inoperative as a means of conveyance of title. Schumacher v. McMonigle, 86 Ind. 421; Harvey v. Byrnes, 177 Mass. 518. (3) A patent ambiguity in an instrument is an uncertainty that arises at once upon the reading of the instrument and arises from the defective, obscure, senseless or indefinite language used. 3 Bouvier, p. 2536; Jones on Evidence, sec. 474; Harvey v. Wirtz, 30 N. D. 304; Martin v. Kitchen, 195 Mo. 477; Mudd v. Dillon, 166 Mo. 110; Strong v. Waters, 50 N. Y. S. 257. (4) When a mere perusal of the instrument in question reveals an uncertainty as to the indentity of the premises sought to be conveyed and reveals that the description of the premises conveyed as contained in the instrument is given in a defective, obscure and senseless manner, or by defective, obcure or senseless language, a patent ambiguity exists in said instrument which cannot be corrected, explained or added to by extrinsic testimony. Mudd v. Dillon, 166 Mo. 110; Martin v. Kitchen, 195 Mo. 477; Carter v. Holman, 60 Mo. 498. (5) An instrument required under the Statute of Frauds to be in writing cannot rest partly on parol and partly on the writing, but must contain in the writing all the elements necessary to the validity of the instrument. Broom's Maxims, p. 463; Norris v. Hunt, 51 Tex. 609; Ringer v. Holtzclaw, 112 Mo. 523.

*Igoe & Carroll* and *Frederick H. Eschmann* for respondent.

(1) The object of a description in a deed is to define what the parties intended. Long v. Wagoner, 47 Mo. 180. (2) Intention of parties, whether expressed or shown by surrounding circumstances, is all-controlling. McClure v. Herring, 70 Mo. 18; Johnson v. Boulware,

149 Mo. 451; Devlin on Deeds, secs. 835-836, and sec. 1012; 8 R. C. L. 1037; Evans v. Greene, 21 Mo. 195.; 5 Cyc. 867; Truett v. Allen, 66 Cal. 818. (3) A deed will not be declared void for uncertainty if it is possible by any reasonable rules or construction to ascertain from description, aided by extrinsic evidence, what property is intended to be conveyed. Hubbard v. Whitehead, 221 Mo. 672; Tetheron v. Anderson, 63 Mo. 98; Cravens v. Petit, 16 Mo. 213; Dunn v. English, N. J. L. 126. (4) Statute of Frauds does not apply where contract has been fully performed. Hoyle v. Bush, 14 Mo. App. 408; Bollinger County v. McDowell, 99 Mo. 636; Reemer v. Nessmith, 34 Cal. 624; Devlin on Deeds, sec. 1012; 17 Cyc. 662; Hooten v. Comerford, 152 Mass. 591.; Reed v. Proprietor, 8 How. 274. (5) The description in deed is sufficient if object covered is ascertainable with the aid of extrinsic evidence. Amount v. Montague, 63 Mo. 206; Livingston County v. Morris, 71 Mo. 605; Orr v. How, 55 Mo. 329; Brown v. Walker, 226 Mo. 235; Cox v. Hart, 145 U. S. 389; Blake v. Dougherty, 5 Wheat. 1359; Gales v. Paul, 94 N. W. 55. (6) The office or purpose of a description in a deed is to furnish the means of identification. Pipkin v. Allen, 29 Mo. 229; Blake v. Dougherty, 5 Wheat. 1359.; Craven v. Butterfield, 80 Ind. 503. (7) A description in a deed is sufficient if it will enable a person of ordinary prudence acting in good faith and making inquires, which the description would suggest to him, to identify the land—if a surveyor with deed before him, with or without aid of extrinsic evidence, can locate land and establish the boundaries. Hayes v. Martin, 134 Ala. 532; Door v. School Dist., 40 Ark. 237; Devlin on Deeds, sec. 1012. (8) Streets and highways are natural monuments. 5 Cyc. 869, B. (9) A parallelogram will be presumed to have been intended when a definite and fixed corner is located. Smith v. Nelson, 110 Mo. 552; Deal v. Cooper, 94 Mo. 62; Devlin on Deeds, pp. 1922 to 1931; 5 Cyc. 877. (10) In the interpretation of deeds *inter partes*, courts are not inclined to insist upon that accuracy of description required in sheriffs' deeds or other transfers of property. Carter v. Holman, 60 Mo. 498.

GRAVES, J.—Action to quiet title. The petition is in conventional form under the statute. By answer the defendant says that she has a lease for a period of twenty years on a portion of the tract of land described in the petition of plaintiffs; that plaintiff John Kleine marked off the lot 100 by 70 feet, and that she built a five-room cottage thereon, and fenced it, and took possession of it; that the said John Kleine assisted her in the building of the house and fences; that thereafter she paid rent for two years.

Reply was a general denial. Trial before the court resulted in a judgment for plaintiffs as to the title being in them, but the further judgment that defendant had a valid lease for 20 years upon the tract 100 by 70 feet. From such judgment plaintiffs have appealed.

John Kleine and the defendant are brother and sister. In 1913 John Kleine told his sister that she could have a lease upon a small tract (100 by 70) of his land on Coal Bank Road in the City of St. Louis. He pointed out to her the boundaries. At her own cost and expense she built a five-room cottage thereon, and fenced the land, and took possession of it. In 1915, after much urging, she got John Kleine and wife to execute the following lease:

"This lease made and entered into by and between John and Rose Kleine, hereafter referred to as lessor, and Mary L. Kleine, hereafter referred to as lessee.

"Said lessor for and in consideration of a rent of five dollars to be paid yearly by said lessee, does hereby lease unto said lessee the following described premises situated in the City of St. Louis, State of Missouri: One hundred feet running westward on Coal Bank Road, beginning at private road fronting house, and 70 feet running northward on private road beginning at Coal Bank Road.

"This lease begins June 15, 1913, expires June 15, 1933. Lessee has the right to remove at any time improvements made by lessee.

"During the time of lease said lessee has the privilege of a moderate use of water.

"Said lessee promises to sell improvements made on premises for a reasonable price at any time when lessor sells the land.

"MARY L. KLEINE,
JNO. J. KLEINE,
ROSA KLEINE."

For two years he accepted the money for the rent, but thereafter he declined rent. Conceiving the lease invalid he and his wife brought this action. Kleine's testimony in the case tends to leave a bad taste in the judicial mouth. Among other things he requested that the lease be signed with a lead pencil, and says that he "figured" that it was no good when he signed it, "because there was no starting point." All this was after the sister had put her money into the improvements. Further details will be left to the opinion.

I. It is clear that the idea of John Kleine, as to there being no starting point mentioned in the lease, is without foundation. The lease says: "one hundred feet running westward on Coal Bank Road, beginning at private road fronting house, and 70 feet running northward on private road beginning at Coal Bank Road." From this it is clear that the starting point is the intersection of Coal Bank Road and the private road. From this intersection, or starting point, the tract was to be 100 feet on Coal Bank Road, and 70 feet on the private road, from the intersection of the two. In other words, the description in the lease gives a starting point, and two sides of the lot. Having a fixed corner and the two sides given, a parallelogram will be presumed. In other words we have the width and depth of the tract given, and only have to extend the lines to get a parallelogram.

**Description.**

In Smith v. Nelson, 110 Mo. 552, we have a description calling for one acre in the corner of a government surveyed tract. There we had only the starting point. We held that an acre in a square form would be presumed from such a description. So in this case having the starting point and two sides given we will presume the parties had in mind a parallelogram. See, also, 2 Devlin on Deeds, p. 1922. We have no doubt about the fact that this lease calls for parallelogram 100 by 70 feet, with the long side of the parallelogram on Coal Bank Road. The idea of there being no common starting

point for the respective sides of the parallelogram is not borne out by the lease itself. Whether the description fails for other reasons, we will discuss later.

II.   The real issue in the case is not the views expressed by John Kleine, to the effect that he signed the lease (in lead pencil, at his own suggestion) because he thought it invalid, owing to the absence of a starting point. He seems not only to have had that idea, but the other erroneous view, entertained by many laymen, that a deed cannot be signed with a lead pencil, but must be signed with pen and ink. After his sister had expended her money on a five-room cottage and fences upon ground which he pointed out to her, it required two years to get him to sign a lease. When he did sign it he thought he had it in shape to beat the sister. And all this after he had accepted the rent for the first two years. What WAGNER, J., said in Tetherow v. Anderson, 63 Mo. 1. c. 98, is peculiarly applicable to John Kleine. That learned jurist thus spoke:

"The only ground urged for a reversal is, that the description was so uncertain and indefinite that nothing passed by the plaintiff's deed. This claim surely comes with a bad grace from the plaintiff, who acknowledges that he sold and conveyed the land by that description."

The appellant Kleine not only went upon the ground and marked out the lot upon which the sister was going to build her little home, but he assisted her agents in the building of the cottage and fences, accepted the agreed rent for two years, and finally executed the lease in writing, after telling his sister to make it as short as possible. There is no question that the house is there facing the private road mentioned. There is no question that there is and was a private road. There is no question that Coal Bank Road is and was a public highway in the City of St. Louis, and State of Missouri. There is no question that the plaintiffs owned a tract of land (some eight acres more or less) on this public road, and that the lease was intended to cover a part of this tract. A surveyor testified that he could and did take the deed. and from its terms located the lot leased, after finding

out the property on Coal Bank Road owned by the plain-
tiffs. In other words once given their property on Coal
Bank Road, the tract claimed by defendant could be
located by the description given in the lease.

The real issue is, whether the description taken as
a whole, aided by such extrinsic evidence as may be used
in construing the ambiguous terms of the contract, is
sufficient to locate the land described in this lease?
Thus in Hubbard v. Whitehead, 221 Mo. l. c. 683,
GANTT, P. J., said: ''Extrinsic evidence is always ad-
missible to explain the calls of a deed for the purpose of
applying them to the subject-matter and thus give effect
to the deed. While it is true that a deed must so de-
scribe land sought to be conveyed thereby that it can
be indentified, that is certain which can be rendered
certain, and in construing a doubtful description, in a
grant the court will put itself in the position of the con-
tracting parties as near as possible and consider the
circumstances of the transaction between them and
then read and interpret the words used in the light of
these circumstances.''

The proof *aliunde* in this case located the lands of
plaintiffs on Coal Bank Road; it located the private
road; it located the lot pointed out by John Kleine to
his sister; it located the cottage in actual existence
when the lease was written; it located the defendant in
possession with the knowledge and consent of plaintiffs.
With this information the surveyor said he could and
did locate the leased ground.

Under the rule in Hubbard's case, supra, the judg-
ment *nisi* is right and should be affirmed. It is so order-
ed. All concur, *Blair, P. J.,* in result.